Cohen, Plaintiff in error, vs. The State, Defendant in error.

*March 10—April 3, 1923.*

*Game: Possession of skins of animals unlawfully speared: Offense: Constitutionality of statute: Police power: Knowledge of possessor of skins: Presumption.*

1. Sec. 29.41, Stats., making unlawful the possession of muskrat skins showing that the animals had been shot or speared, is not in violation of the provisions of the constitution forbidding the requirement of excessive bail, or the imposition of excessive fines, or the infliction of cruel and unusual punishments.

2. The evidence in this case is *held* sufficient to warrant a verdict convicting the defendant of having in his possession muskrat skins showing that the muskrats had been speared, in violation of sec. 29.41, Stats.

3. The question whether sec. 13, art. I, of the state constitution has been violated is not properly raised in this case, as the question whether the game warden unlawfully confiscated the furs is irrelevant.

4. Said sec. 29.41 is a reasonable exercise of the police power of the legislature, and is not invalid as an unreasonable and arbitrary invasion of private rights.

5. Under said sec. 29.41 the state need not prove that defendant examined the skins or knew the animals had been speared, but he may be presumed to know that which he might have known by the exercise of ordinary care, and when buying muskrat skins was bound to examine them, if by such examination it could have been determined that the muskrats had been speared; and his failure to make such examination is no defense.

Error to review a judgment of the circuit court for Waupaca county: Byron B. Park, Circuit Judge. *Affirmed.*

The plaintiff in error, herein called the defendant, was arrested and convicted by a jury for having in his possession muskrat skins showing that the same had been speared contrary to the provisions of sec. 29.41, Stats. Errors are assigned in the admission of evidence; refusal to receive evidence; verdict contrary to law; verdict contrary to the

evidence; and because sec. 29.41, Stats., is claimed to be unconstitutional.

*George T. Classon* of Weyauwega, for the plaintiff in error.

For the defendant in error there was a brief signed by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Otto L. Olen,* district attorney of Waupaca county, and *Mr. Messerschmidt.*

CROWNHART, J.  There is sufficient evidence from which the jury were at liberty to find that the defendant had in his possession muskrat skins which showed that they had been speared. Witnesses testified that wherever a muskrat had been speared the skin would ordinarily show that the spear had entered from the back and passed through the abdomen, making two holes, and that the blood would coagulate around the spear holes. The skins found in defendant's possession by the conservation wardens so appeared, and the jury could draw the inference that they were speared. The defendant had been a fur buyer for a number of years. He had not been in the business during the last two years prior to his arrest, but had bought a few skins for his own use. In purchasing these skins he took them as he found them, fur side out, and could not tell in that condition whether they had been speared or not. He made no examination of the skins to ascertain if they showed the rats had been speared. But it is the fair inference from the testimony that if he had turned the skins, which would have taken him but a few minutes, he could have determined that some of them at least were speared. The appellant claims that the court erred in refusing to receive evidence tending to prove the custom of fur buyers in buying skins. An examination of the record satisfies us that the court did not so refuse; in fact the defendant was allowed to testify fully as to the custom, but he did attempt to prove by in-

competent evidence the custom, which was properly ruled out. A careful examination of the record discloses no error in the trial, either in the admission or rejection of evidence. It further shows that there was sufficient evidence upon which the jury had a right to find the defendant guilty.

The statute in question reads:

"29.41   The skin of any fur-bearing animal lawfully killed, when separated from the rest of the carcass is not subject to the provisions of this chapter; but no person shall have in his possession or under his control the skin of any fisher, marten, mink, or muskrat showing that the same has been shot or speared, nor the green skin of any fur-bearing animal from the fifth day after the beginning of the close season for such animal until the ending thereof."

The defendant claims that this statute is unconstitutional as violating art. VIII and sec. 1 of art. XIV of the United States constitution, and secs. 6 and 13 of art. I of the constitution of the state of Wisconsin. We can see nothing in the federal constitution prohibiting excessive bail or excessive fines, nor in the provision that the state may not deprive any person of life, liberty, or property without due process of law, that is violated by this statute, and as counsel has cited us to no federal case to that effect we pass his contention by on that question. The claim that it violates sec. 6 of art. I of the Wisconsin constitution, that excessive bail shall not be required, nor shall excessive fines be imposed, nor cruel and unusual punishments inflicted, is equally untenable. The claim that it violates sec. 13 of art. I of the state constitution is not properly raised in this case. The question at issue in this case was whether or not the defendant was guilty of having furs in his possession contrary to law. The question of whether or not the game warden unlawfully confiscated the furs is beside the mark.

The defendant contends that the statute is unreasonable and an arbitrary invasion of private rights. An examination

of the authorities convinces us that this statute falls well within the province of the legislature and is a reasonable exercise of its police power. *Bittenhaus v. Johnston,* 92 Wis. 588, 66 N. W. 805; *State ex rel. Carnation M. P. Co. v. Emery,* 178 Wis. 147, 189 N. W. 564; 27 Corp. Jur. 949.

The defendant contends that he could not be guilty of an offense unless he knew that the skins showed that the rats had been speared. The able trial judge instructed the jury that—

"You should carefully note the wording of the statute. Under this statute it is not necessary for the state to convince you in any manner that the defendant in fact knew that the one of whom he purchased the skins speared the rats. And it is not essential to a conviction for the state to convince you that the defendant examined the skins when he bought them or at any other time, or that he at any time in fact knew the rats had been speared. All that is incumbent upon the state in order to obtain a conviction of the defendant is to convince you beyond a reasonable doubt that the defendant had in his possession rat skins showing that the rats from which the skins, or some of the rats from which the skins were taken, were speared or shot. But in this connection you are instructed the words 'showing that the rats had been speared or shot' mean that the skins themselves, when in possession of a defendant, would, if examined, disclose to one of ordinary intelligence, experienced in handling muskrat skins, using ordinary care and caution, that the rats from which the skins were taken had been speared or shot."

To this instruction there is no exception. It correctly states the law. The defendant may be presumed to know that which he might have known by the exercise of ordinary care. Knowing that it was unlawful to have skins in possession showing they had been speared, he was bound to examine them if, by such examination, he could have determined whether or not they had been speared. The defendant testified he made no examination. The evidence is

sufficient to authorize the jury to find that if he had made an examination of the skins he would have known from their appearance that they had been speared.

*By the Court.*—The judgment of the circuit court is affirmed.

DOERFLER, J., dissents.